## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Kevin R. Warriner

    v.                                            Civil No. 08-cv-250-JL

Michael J. Astrue, Commissioner,
New Hampshire Social Security Administration

### O R D E R

Pursuant to 42 U.S.C. § 405(g), pro se claimant Kevin Warriner appeals the final decision of the Social Security Administration ("SSA") affirming the decision of the Administrative Law Judge ("ALJ") denying him relief. Warriner had sought a reversal of an April 2005 decision to collect an overpayment of benefits by withholding money from his Social Security Income ("SSI") benefit checks. Claimant states that the regulations utilized by the ALJ in denying his claim, as applied to his case, are unfair. Because claimant is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine whether it states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

    Kevin Warriner is a forty-eight year old man who suffers from a pathological gambling disorder, a disabling mental illness.  Because his disability renders him unable to work,[1] in 2000, on the advise of his psychiatric treatment providers, Warriner applied for, and received, SSI benefits from the SSA.  The benefits are paid to Warriner through a representative payee who is responsible for appropriately distributing the money to Warriner.  As a result, none of the SSI benefits Warriner has received have been spent on gambling.

    Every year, Warriner's tax documents are submitted to the SSA.  These documents report Warriner's income and work history, as well as his gambling wins and losses for the year.  Warriner says that in 2005, a worker at the SSA decided to review these records.  The SSA determined that during 2002 and 2003, Warriner received gambling winnings that exceeded his gambling losses, and should have therefore been counted as income under SSA regulations. Accordingly, the SSA notified Warriner that he had been overpaid $11,382 during those two years, and that deductions would be made from his SSI checks, going forward, to recover the

---

[1] Warriner reports that in his entire adult life he has earned a total of $11,682.

overpayment.  Deductions have been taken from Warriner's SSI checks every month since April of 2005.

Warriner requested reconsideration of the SSA's decision to recover the alleged overpayment on the grounds that he had not, in fact, had gambling winnings exceeding his gambling losses in 2002 and 2003, despite what his tax records showed.  He also argued that any overpayment was not entirely his fault, and that responsibility for the overpayment rested at least in part with the SSA, as he had been forthcoming with his documentation, and the agency had been in possession of Warriner's 2002 and 2003 records for two or three years prior to deciding to review them.  In addition, Warriner asserted that the SSA regulation requiring gambling winnings to be considered as income should not apply to him, given that the SSA has recognized him as having a disability which causes him to lose any gambling winnings immediately, as his illness compels him to continue to gamble until all of his winnings are lost.

Warriner's request to reconsider the recovery withholding was denied by the SSA on January 24, 2007.  On February 2, 2007, Warriner requested a hearing.  A hearing was held on August 8, 2007.  The ALJ denied Warriner's request on August 15, 2007.

Warriner appealed the denial to the SSA's Appeals Council  On April 24, 2008, the Appeals Council notified Warriner of its decision affirming the ALJ's denial of relief.  This timely appeal followed.

## Discussion

42 U.S.C. § 405(g) provides for judicial review of a decision of the SSA:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

Warriner has complied with the requirements of the statute that direct him to obtain a final decision from the Commissioner of the SSA, and then to file this appeal within sixty days of the mailing of that decision.  Accordingly, I find that this matter is appropriately before this Court and may proceed at this time.

## Conclusion

I order that the complaint be served upon defendant.  The Clerk's office is directed to issue the necessary summons form and forward to (I) the United States Attorney for the District of New Hampshire, (ii) the Attorney General of the United States,

and (iii) the Social Security Administration, by certified mail, return receipt requested, the summonses and copies of the complaint (document no. 1) and this Order.  <u>See</u> Fed. R. Civ. P. 4(c)(2) and 4(I).

Defendant is instructed to answer or otherwise plead within sixty days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(3).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   November 3, 2008

cc:     Kevin R. Warriner, pro se